| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>ZAKI MOHAMMED,<br><br>        Plaintiff,<br><br> -against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant.<br>-----------------------------------------------------------X | FILED UNDER SEAL<br><br><br><br>REPORT AND<br>RECOMMENDATION<br><br>17 CV 4892 (WFK)(RML) |

LEVY, United States Magistrate Judge:

        By order dated May 14, 2020, the Honorable William F. Kuntz, II, United States District Judge, referred plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b)(1) to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be granted in part and denied in part and that plaintiff's counsel be awarded $7,750 in attorney's fees.

## BACKGROUND

        Plaintiff Zaki Mohammed ("plaintiff") commenced this case on August 21, 2017, seeking review of the Social Security Administration's denial of his application for disability insurance benefits. (See Complaint, dated Aug. 18, 2017, Dkt. No. 1.) On May 11, 2018, the parties stipulated to have the case remanded for further administrative proceedings, including a new hearing and decision. (See Stipulation and Order, dated May 11, 2018, Dkt. No. 15.) On remand, plaintiff was awarded past-due disability insurance benefits totaling $140,897. (See Declaration of Christopher James Bowes, Esq., dated Mar. 21, 2020 ("Bowes Decl."), Dkt. No. 22, Ex. C.) As required by the Social Security Act, the Commissioner withheld twenty-five percent of the total past-due benefits payable to plaintiff so that plaintiff's counsel could petition

the Social Security Administration ("SSA") under 42 U.S.C. § 406(a) for approval of a reasonable fee as compensation for services during the proceedings at the agency level and seek an award from this court for the time expended on court representation pursuant to § 406(b). See 42 U.S.C. §§ 406(a) and (b). According to the Notice of Award, dated March 7, 2020, the SSA withheld a total of $35,224.40 from plaintiff's benefits award. (Bowes Decl., ¶¶ 16, 17, Ex. C.) Plaintiff's counsel has received $4,900 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Id. ¶ 13; Stipulation and Order Regarding Attorney's Fees, dated Oct. 15, 2018, Dkt. No. 20.)

Plaintiff's counsel now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (See Plaintiff's Memorandum of Law, dated Mar. 21, 2020 ("Pl.'s Mem."), Dkt. No. 23). He requests $20,100 (or a total of $25,000, including the $4,900 in EAJA fees previously awarded). (See Bowes Decl. ¶ 19; Pl.'s Mem. at 5.) Counsel states that he spent 25.30 hours rendering services before this court, which results in a *de facto* hourly rate of $988.14. (Bowes Decl. ¶ 25.) Under the contingent fee agreement plaintiff signed, he agreed to pay twenty-five percent of his past-due benefits as legal fees upon securing a favorable determination. (See id., Ex. A.)

The court will enforce the contingent fee arrangement unless it is unreasonable. Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990). In deciding whether a fee is unreasonable, a court should consider "whether the requested amount is so large as to be a windfall to the attorney." Id. at 372; see also Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). To determine whether an award would constitute a windfall, courts in this Circuit have identified several considerations, including:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of

2

> the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Porter v. Comm'r of Soc. Sec., No. 06 CV 1150, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting Rowell v. Astrue, No. 05 CV 1592, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). Additionally, a reasonable fee will take into account the heightened risk associated with contingency agreements, where payment is "inevitably uncertain." Nieves v. Colvin, No. 13 CV 1439, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) (quoting Wells, 907 F.2d at 371).

Counsel's request does not exceed the twenty-five percent statutory maximum or the twenty-five percent fee agreed to in plaintiff's retainer agreement. (See Bowes Decl., Ex. A.) Moreover, counsel secured a positive outcome for his client and obtained a remand to the Commissioner, and courts in this Circuit have found that it is reasonable for an experienced attorney to spend between twenty and forty hours on a social security matter. See, e.g., Almodovar v. Saul, No. 16 CV 7419, 2019 WL 6207784, at *3 (S.D.N.Y. Nov. 21, 2019) (citing Borus v. Astrue, No. 09 CV 4723, 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012)).

However, as the Commissioner accurately notes, courts in the Second Circuit have generally found fee awards with similar *de facto* hourly rates to constitute a windfall. (See Letter of AUSA Candace Scott Appleton, dated Apr. 21, 2020, Dkt. No. 25) (citing Mitchell v. Astrue, No. 09 CV 83, 2019 WL 1895060, at *6 (E.D.N.Y. Apr. 29, 2019) (reducing fee to result in a *de facto* hourly rate of $500) (citing cases); Karki v. Comm'r of Soc. Sec., No. 13 CV 6395, 2018 WL 1307947, at *2-3 (E.D.N.Y. Mar. 13, 2018) (reducing *de facto* hourly rate from $1,066 to $500); Thompson v. Colvin, No. 15 CV 6064 (E.D.N.Y. June 5, 2018) (text order) (reducing § 406(b) fee from $40,000 ($941.18 per hour) to $20,100 ($500 per hour)); Rivera v. Berryhill,

3

No. 13 CV 5060, 2018 WL 2436942, at *2-3 (E.D.N.Y. May 30, 2018) (reducing § 406(b) fee from $34,547.25 ($874.61 per hour) to $19,750 ($500 per hour)); Insel v. Comm'r of Soc. Sec., No. 13 CV 903, 2017 WL 6558585, at *1 (N.D.N.Y. Dec. 22, 2017) (discussing hourly rates found to be reasonable of $386.00, $416.60, $650.00 and $743.30); Heffernan v. Astrue, 87 F. Supp. 3d 351, 356-57 (E.D.N.Y. Feb. 10, 2015) (reducing fee award to a sum reflecting hourly rate of $350 down from $1,000); Devenish v. Astrue, 85 F. Supp. 3d 634, 638-39 (E.D.N.Y. Jan. 24, 2015) (reducing hourly rate from $1,000 to $350); Whittico v. Colvin, No. 09 CV 907, 2014 WL 1608671 (N.D.N.Y. Apr. 22, 2014) (reducing § 406(b) fee from $21,682.23 ($1,100.62 per hour) to $13,050 ($662.44 per hour); Muniz v. Astrue, No. 09 CV 3954, 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) (reducing § 406(b) fee from $10,000 ($1,333.33 per hour) to $2,500 ($333.33 per hour); George v. Astrue, No. 04 CV 1545, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009) (reducing hourly rate from $1,275.34 to $542.92); Benton v. Comm'r of Soc. Sec., No. 03 CV 3154, 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007) (reducing hourly rate from $1,334.17 to $447.76)). Indeed, "courts in this Circuit have repeatedly found that *de facto* rates above $500 per hour in social security cases are unreasonable." Tamburri v. Saul, No. 16 CV 5784, 2019 WL 6118005, at *3 (E.D.N.Y. Nov. 18, 2019) (citing cases).[1]

---

[1] To be sure, courts in this Circuit have also approved fee awards in the social security context that exceed a *de facto* $500 hourly rate. See, e.g., Barbour v. Colvin, No. 12 CV 548, 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work, an effective hourly rate of $599); Warren v. Astrue, No. 06 CV 2933, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000 is a substantial sum for 38 hours of work, [i.e., an effective hourly rate of $657,] it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). However, "this court must exercise its own discretion to determine 'whether the requested amount is so large as to be a windfall to the attorney.'" Morris v. Saul, No. 17 CV 259, 2019 WL 2619334, at *3 n.4 (E.D.N.Y. June 26, 2019) (quoting Wells, 907 F.2d at 372).

Plaintiff's counsel asserts that his non-contingent hourly rate is $450. (Bowes Decl. ¶ 30.) Thus, the requested fee would greatly exceed counsel's standard rate and would result in an unreasonable fee award. Instead, I find that an hourly rate of $500 will adequately compensate plaintiff's counsel for the time spent on this case, the risks inherent to undertaking representation on a contingency basis, and the ultimately successful result counsel obtained. Such an award also "satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals." Arroyo v. Comm'r of Soc. Sec., 14 CV 3513, 2018 WL 2088013, at *3 (E.D.N.Y. May 4, 2018) (citing Muniz v. Astrue, No. 09 CV 3954, 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011)). I therefore respectfully recommend that the motion be granted, but that plaintiff's counsel be awarded a total of $12,650 (25.30 x $500). Deducting the $4,900 EAJA credit to which plaintiff is entitled results in a net award of $7,750. See Tamburri, 2019 WL 6118005, at *3.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) be granted in part and denied in part and that counsel be awarded $7,750 in attorney's fees. Any objections to this report and recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      July 22, 2020