```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZAKI MOHAMMED,                                              :
                                                            :
                Plaintiff,                                  :         ORDER
                                                            :         17-CV-4892 (WFK)
        v.                                                  :
                                                            :
COMMISSIONER OF SOCIAL SECURITY,                            :
                                                            :
                Defendant.                                  :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** Plaintiff Zaki Mohammed ("Plaintiff") brings this motion seeking attorney's fees and approval of a contingent fee agreement between himself and his attorneys whereby Plaintiff agreed to pay his attorneys 25% of past due benefits payable to him in exchange for legal services. ECF No. 21. On July 22, 2020, Magistrate Judge Robert M. Levy issued a report and recommendation recommending the Court grant in part and deny in part the motion and award counsel $7,750.00 in attorney's fees. ECF No. 28 ("R&R"). On August 12, 2020, Plaintiff filed an objection to the R&R. ECF No. 31 ("Pl.'s Obj."). For the following reasons, the Court adopts the recommendation of the R&R, granting in part and denying in part Plaintiff's motion and awarding counsel $7,750.00 in attorney's fees.

## BACKGROUND

Plaintiff filed suit in this Court on August 21, 2017, seeking judicial review of the denial of his application for disability insurance benefits pursuant to 42 U.S.C. § 405(g). ECF No. 1. By stipulation dated May 3, 2018, the parties agreed to remand the action to the Social Security Administration ("SSA") for a new hearing and decision, ECF No. 14-1, which the Court so ordered on May 11, 2018, ECF No. 15. The parties further stipulated to a payment of $4,900.00 in attorney's fees and expenses to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"). ECF Nos. 19, 20. Upon remand to the SSA, Plaintiff was awarded past due disability benefits in the amount of $140,897.00. Decl. of Christopher James Bowes in Supp. of Mot. for Approval of the Contingent Fee Agreement ¶ 16, ECF No. 22 ("Bowes Decl."). Plaintiff's counsel now seeks approval of the contingent fee agreement between Plaintiff and his counsel and an attorney fee of $25,000.00, representing a *de facto* hourly rate of $988.14. *See* Notice of

1

Mot., ECF No. 21.  The Government objected to the motion only based on the amount requested, arguing the *de facto* hourly rate of $988.14 represented an impermissible windfall.  Ltr. from Gov't in Resp. to Pl.'s Mot. at 3, ECF No. 25 ("Gov't Resp.").  The Court referred the motion to Magistrate Judge Levy for a report and recommendation, which he filed on July 22, 2020.  ECF No. 28.  In the R&R, Magistrate Judge Levy recommended the Court grant in part and deny in part the motion, awarding Plaintiff's counsel a net award of $7,750.00, which would represent a *de facto* hourly rate of $500.00 per hour.  R&R at 5.  Magistrate Judge Levy stated he found "an hourly rate of $500 will adequately compensate [P]laintiff's counsel for the time spent on this case, the risks inherent to undertaking representation on a contingency basis, and the ultimately successful result counsel obtained."  *Id.*  Plaintiff filed an objection to the R&R, arguing the Court should award the full amount sought.  Pl.'s Obj. to the R&R at 4–11, ECF No. 31 ("Pl. Obj.").

**DISCUSSION**

I.    **Standard of Review**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties must serve and file any written objections to the proposed findings and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations.  *Id.*  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*  Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects."  *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and

2

citation omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.,* 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

    II.       **Analysis**

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." The Court is tasked with determining whether the requested fee is reasonable and should be awarded. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). In making such a determination when a contingency agreement has been agreed to by the parties, the Court should consider "whether the contingency percentage is within the 25% cap," "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* "Should the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

Courts in this Circuit have identified several relevant considerations in determining when an award will result in a windfall for an attorney:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

3

*Heffernan v. Astrue*, 87 F. Supp. 3d 351, 355 (E.D.N.Y. 2015) (Spatt, J.) (citation omitted).

The Court has conducted a *de novo* review of Plaintiff's application and finds the *de facto* hourly rate of $988.14 is unreasonable under the circumstances of this case and would represent a windfall. As outlined by Magistrate Judge Levy in the R&R, "courts in the Second Circuit have generally found fee awards with similar *de facto* hourly rates to constitute a windfall." R&R at 3. This is particularly true considering Plaintiff counsel's non-contingent hourly rate is $450.00. *Id.* at 5. The Court agrees with Magistrate Judge Levy's recommendation to award Plaintiff a *de facto* rate of $500.00, over 10% above his non-contingent hourly rate, and finds this hourly rate "will adequately compensate [P]laintiff's counsel for the time spent on this case, the risks inherent to undertaking representation on a contingency basis, and the ultimately successful result counsel obtained." *Id.*

## CONCLUSION

Upon a careful review of Magistrate Judge Levy's R&R, ECF No. 28, and the objection filed thereto, ECF No. 31, the Court adopts the recommendation of the R&R in all respects. Accordingly, Plaintiff's motion, ECF No. 21, is GRANTED in part and DENIED in part, and Plaintiff's counsel is awarded a net total payment of $7,750.00 in attorneys' fees, representing a *de facto* hourly rate of $500.00, minus previously-awarded EAJA fees.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2020
      Brooklyn, New York